IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| WILLIAM O'MARA; and DAMIEN HUNTER, for themselves and on behalf of those similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>CREATIVE WASTE SOLUTIONS, LLC d/b/a B & L DISPOSAL SERVICES; LOU BIZZARI; and VANESSA LAKE,<br><br>    Defendants.<br>_____/ | CASE NO.:<br><br><br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, WILLIAM O'MARA and DAMIEN HUNTER ("Plaintiffs"), for themselves and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendants, CREATIVE WASTE SOLUTIONS, LLC d/b/a B & L DISPOSAL SERVICES, a Pennsylvania Limited Liability Company ("B & L"); LOU BIZZARI, Individually ("BIZZARI"); and VANESSA LAKE, Individually ("LAKE"), (collectively "Defendants"), to recover from Defendants overtime pay as required by Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), and state as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff O'MARA was, and continues to be, a resident of Chester County, Pennsylvania.

6. At all times material hereto, Plaintiff HUNTER was, and continues to be, a resident of Delaware County, Pennsylvania.

7. Plaintiffs worked for B & L in Delaware County, Pennsylvania.

8. At all times material hereto, B & L was, and continues to be, a limited

liability company organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal office located at 601 Ryanard Road, Wallingford Pennsylvania 19086.

9. At all times material hereto, B & L was, and continues to be, a Pennsylvania Limited Liability Company. Further, at all times material hereto, B & L, was and continues to be, regularly engaged in business in Pennsylvania, including Delaware County, Pennsylvania.

10. Based on information and belief, at all times material hereto, Defendant BIZZARI was an individual resident of Delaware County, Pennsylvania.

11. At all times material hereto, BIZZARI owned and operated B & L.

12. At all times material hereto, BIZZARI regularly held and exercised the authority to: (a) hire and fire employees of B & L; (b) determine the work schedules for the employees of B & L; and (c) control the finances and operations of B & L.

13. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of B & L; (b) determine the work schedules for the employees of B & L; and (c) control the finances and operations of B & L, BIZZARI is an employer as defined by 29 U.S.C. 201 *et. seq.*

14. Further, at all times material hereto, BIZZARI was a manager for

3

B & L, acting in B & L's interest in directing the work of Plaintiffs, and the work of others similarly situated to Plaintiffs.

15. Upon information and belief, at all times material hereto, LAKE was a resident of Delaware County, Pennsylvania.

16. At all times material hereto, LAKE was an Officer at B & L.

17. At all times material hereto, LAKE regularly held and exercised the authority to: (a) hire and fire employees of B & L; (b) determine the work schedules for the employees of B & L; and (c) control the finances and operations of B & L.

18. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of B & L; (b) determine the work schedules for the employees of B & L; and (c) control the finances and operations of B & L, LAKE is an employer as defined by 29 U.S.C. 201 *et. seq.*

19. Upon information and belief, LAKE handled various aspects of running the day to day functions of Defendants' business, including but not limited to, handling purchase orders, signing checks, and payroll.

20. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

21. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

22. At all times material hereto, B & L was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

23. Based upon information and belief, the annual gross revenue of B & L was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

24. At all times material hereto, Defendant B & L had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as trucks, gloves, computers and telephones.

25. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26. B & L is a disposal service company, which operates throughout Pennsylvania.

27. B & L is owned and operated by BIZZARI.

28. B & L is managed and operated by LAKE.

29. BIZZARI was, at all times relevant to this action, supervisor of Plaintiffs.

30. In July 2015, Defendants hired Plaintiff O'MARA as a non-exempt driver for Defendants' business.

31. OMARA's work included operating the trash truck and picking up trash.

32. In January 2012, Defendants hired Plaintiff HUNTER as a non-exempt helper for Defendants' business.

33. HUNTER's work included picking up trash, but not driving.

34. At various material times hereto, Plaintiffs worked for Defendants in excess of forty (40) hours within a workweek.

35. Despite working numerous overtime hours for Defendants, Plaintiffs were not paid an overtime premium for all of their overtime hours until after December 2017.

36. Defendants failed and/or refused to properly compensate Plaintiffs, and those similarly situated, at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single workweek.

37. Plaintiffs should be compensated at the rate of one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

38. Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendants.

39. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as drivers and/or helpers and were denied proper overtime compensation for all of their overtime hours, due to Defendants' policy and practice of paying only up to 40 hours per week without any premium for overtime hours.

40. Defendants have violated Title 29 U.S.C. §207 and the PMWA during the term of Plaintiffs' employment until Defendants began paying overtime January 2018, in that:

    a. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours per week during their employment with Defendants;

    b. Until January 2018, no payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Until January 2018, Defendants failed to maintain proper time records.

41. Defendants' failure and/or refusal to properly compensate Plaintiffs,

and those similarly situated, at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiffs, and those similarly situated, for hours over 40.

42. Defendants' failure to do so was knowing or in reckless disregard of the law.

43. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

44. Plaintiff re-alleges and reavers paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45. Throughout their employment, Plaintiffs worked in excess of forty (40) hours in many workweeks.

46. Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours in excess of forty (40) worked in each workweek until Defendants changed their pay policy in January 2018 to begin paying overtime premiums.

47. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

48. Those similarly situated to Plaintiffs also worked similar hours, and performed similar duties for Defendants, but also were not paid any overtime premiums for hours over forty in a workweek.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

50. Defendants failed to properly disclose or apprise Plaintiffs, and those similarly situated, of their rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA

53. Plaintiffs re-allege and reaver paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

54. At all times relevant hereto, Plaintiffs, and those similarly situated, were "employees" within the meaning of the PMWA.

55. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104(c)).

56. At all relevant times, Defendants were subject to the requirements of the PMWA.

57. The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiffs, and those similarly situated, are entitled to overtime pay under the PMWA.

58. Plaintiffs, for themselves and on behalf of those similarly situated, seek unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

59. Defendants also failed to keep records required by 34 Pa. Code 231.31.

60. Plaintiffs, for themselves and on behalf of those similarly situated, also seek to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated requests: conditional certification, pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as drivers and/or helpers in the three years preceding the filing of the Complaint; an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA and PMWA; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages under the FLSA and PMWA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 8th day of May, 2019.

Respectfully submitted,

_____
Angeli Murthy, Esq.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Phone: (954) 327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiffs*