# EXHIBIT "A"

## SETTLEMENT AGREEMENT

1. This Agreement covers all understandings between **WILLIAM O'MARA and DAMIEN HUNTER** (hereinafter referred to as "Plaintiffs," a term which includes Plaintiffs' spouses, successors, beneficiaries, personal representatives, and heirs), and **CREATIVE WASTE SOLUTIONS, LLC d/b/a B & L DISPOSAL SERVICES ("CWS"); LOU BIZZARI Individually; and VANESSA LAKE, Individually**, (hereinafter referred to as "Defendants," a term which is defined to include any and all related entities, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities)).

2. For and in consideration of the promises outlined in Paragraphs 3, 4 and 6 of this Agreement, Plaintiffs agree as follows:

   A. To settle any and all claims, relating to the payment of unpaid wages, which Plaintiffs have against Defendants, which arose or may have arisen prior to the date of execution of this agreement, and to dismiss, with prejudice, the case they have filed in the U.S. District Court, Eastern District of Pennsylvania, Philadelphia Division, Case No. 2:19-CV-02021-GEKP (the "Lawsuit"); and

   B. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.

3. For and in consideration of the promises made by Plaintiffs in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiffs the total consideration of Fourteen Thousand Dollars ($14,000.00), payable in two installments, outlined below. Of the settlement proceeds as further detailed below, Plaintiff **WILLIAM O'MARA** will receive a total of Eight Thousand Dollars ($8,000.00). Plaintiff **DAMIEN HUNTER** will receive a total of Two Thousand Dollars ($2,000.00). Plaintiffs' counsel will receive Four Thousand Dollars ($4,000.00) representing attorneys' fees and costs incurred on Plaintiffs' behalf.

**Under this agreement, each payment shall be made as follows:**

   A. One check payable to **WILLIAM O'MARA** in the amount of Four Thousand Dollars ($4,000.00) in satisfaction of claims for alleged unpaid wages, less lawful applicable taxes and withholdings, and to be reported on an IRS Form W-2;

   B. One check payable to **WILLIAM O'MARA** in the amount of Four Thousand Dollars ($4,000.00) in satisfaction of claims for alleged liquidated damages owed, to be reported on an IRS form 1099 as "other income";

1

    C.    One check payable to **DAMIEN HUNTER** in the amount of One Thousand Dollars ($1,000.00) in satisfaction of claims for alleged unpaid wages, less lawful applicable taxes and withholdings, and to be reported on an IRS Form W-2;

    D.    One check payable to **DAMIEN HUNTER** in the amount of One Thousand Dollars ($1,000.00) in satisfaction of claims for alleged liquidated damages owed, to be reported on an IRS form 1099 as "other income"; and

    E.    One check payable to **MORGAN & MORGAN, P.A.** in the amount of Four Thousand Dollars ($4,000.00). This amount was negotiated separately from, and subsequent to, the amount to be paid to Plaintiffs in this matter. This check shall be issued thirty (30) days after the issuance of the checks in paragraph 3(A)-(D).

***Plaintiffs specifically are aware of, and agree with, the amount of attorneys' fees and costs to be paid to their counsel for representing their interests in this matter.***

4. The payments described in Paragraphs 3(A)-(D) above, must be **received by** Plaintiffs' counsel (c/o Angeli Murthy, Esq., Morgan & Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, Florida 33324) within thirty (30) days of the date of full execution of this Agreement, so long as the Court has previously entered an Order approving the parties' resolution in this matter. If the Court enters an Order approving the resolution later than thirty (30) days after full execution of this Agreement, then the payments described in paragraphs 3(A)-(D) are due five (5) days after the date of the Court's Order.

5. Following the Parties' execution of this Agreement, the Parties agree to file a Joint Motion for Approval of Settlement, requesting that the Court dismiss the action with prejudice. The Parties agree that this Motion will be filed no later than March 23, 2020.

6. In exchange for the consideration received under this Agreement, Plaintiffs release Defendants of and from any and all claims they may have, known or unknown, under the Fair Labor Standards Act ("FLSA"), and/or the Pennsylvania Minimum Wage Act ("PMWA"). This release specifically: includes all claims which were raised in the Lawsuit, as well as all claims for attorneys' fees incurred in connection with the Lawsuit.

7. In the event that Plaintiffs or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees, and

2

all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiffs acknowledge and agree that with the payment of the amounts stated in Paragraph 3, they have been reasonably compensated for all wages and liquidated damages potentially owed to them under the Fair Labor Standards Act, and/or Pennsylvania Minimum Wage Act, as well as all attorneys' fees incurred to date. Defendants deny that any monies are owed to Plaintiffs, and are offering this amount that Plaintiffs consider reasonable compensation for wages, liquidated damages, and attorneys' fees, solely to avoid the costs of litigation.

9. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement supersedes all prior agreements and understandings between Plaintiffs and Defendants. Except as specifically stated herein with respect to the Court's power to amend, modify, or strike provisions from this Agreement, no cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and the Defendants.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

12. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

13. The parties agree that this Agreement was entered into in the Commonwealth of Pennsylvania, and shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania. In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Pennsylvania.

14. The Parties agree that they will keep the fact and terms of this Agreement confidential. Therefore, except as specifically stated in this Agreement, Plaintiffs agree that none of them shall directly or indirectly by any means or manner whatsoever

3

disclose, urge, encourage, cooperate in, cause or permit the disclosure of the circumstances that gave rise to Plaintiffs' termination and the terms of this Agreement to anyone. The Parties acknowledge that Plaintiffs may disclose the terms of this Agreement to their respective spouses, and may be required to disclose the amounts and terms of this Agreement to Plaintiffs' respective legal, financial, and tax advisors, and the disclosure to those specified persons is not prohibited by the Agreement. If asked about the status of the Litigation by any individual other than Plaintiffs' respective legal, financial, and tax advisors, Plaintiffs agree, covenant, and warrant that they will respond, and will direct their spouses (if applicable), attorneys, financial and tax advisors to respond, that "the court dismissed the case" and that "the case is over."

15. Plaintiffs further agree not to defame or disparage Creative Waste and the Releasees, or their products or services, or make or solicit any comments, statements or the like to the media or others that may be considered to be derogatory or harmful to the good name or business reputation of Creative Waste and the Releasees. Creative Waste further agrees that its management employees, during such time as they are currently employed by Creative Waste, shall notdefame or disparage Plaintiffs. Creative Waste is specifically not accepting liability for statements made by current or former employees of Creative Waste made outside the scope of their employment, other than Lou Bizzari and Vanessa Lake.

16. Notwithstanding the foregoing, including Paragraphs 14 and 15 of this Agreement, the Agreement may be introduced as evidence in any proceeding only for the purposes of enforcing its terms and/or to evidence the Parties' intent in executing it. The Parties may also file this Agreement with the Court in order to seek its approval, without violating any confidentiality hereunder. The Agreement shall not be admissible as evidence in any proceeding for any other purpose.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement:

DATE: 3/24/20

Signature: *[signed]*
WILLIAM O'MARA

DATE: _____

Signature: _____

DAMIEN HUNTER

DATE: 3/24/20

Signature: *[signed Vanessa Lake]*
CREATIVE WASTE SOLUTIONS, LLC
d/b/a B & L DISPOSAL SERVICES

Vanessa Lake
PRINTED NAME

TITLE: President

DATE: 3/24/20

Signature: *[signed]*
LOU BIZZARI

DATE: 3/24/20

Signature: *[signed]*
VANESSA LAKE

5

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement:

DATE:_____  Signature:

_____
WILLIAM O'MARA

DATE: 03-25-2020  Signature:

*Damien [signature]*
_____
DAMIEN HUNTER

DATE:_____  Signature:

_____
CREATIVE WASTE SOLUTIONS, LLC
d/b/a B & L DISPOSAL SERVICES

_____
PRINTED NAME

TITLE:_____

DATE:_____  Signature:

_____
LOU BIZZARI

DATE:_____  Signature:

_____
VANESSA LAKE

5